## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND )<br>and its TRUSTEES: WALTER WISE )<br>and TIMOTHY O'CONNELL )<br>1750 New York Avenue, NW )<br>Washington, DC  20006 )<br>                                                    )<br>**Plaintiffs,** )<br>     v.                                             )<br>                                                    )<br>**JAMESTOWN FABRICATED** )<br>**STEEL, INC.** )<br>1034 Allen Street )<br>Jamestown,  NY 14701 )<br>                                                    )<br>Serve: Ronald A. White, CEO )<br>        Jamestown Fabricated Steel, Inc. )<br>        1034 Allen Street )<br>        Jamestown, NY 14701 )<br>                                                    )<br>**CLR BUILDING PRODUCTS, INC.** )<br>1034 Allen Street )<br>Jamestown,  NY 14701 )<br>                                                    )<br>Serve: Clara M. Saff, CEO )<br>        CLR Building Products, Inc. )<br>        1034 Allen Street )<br>        Jamestown, NY 14701 )<br>                                                    )<br>**Defendants.** )<br>_____ ) | Civil Action No. _____ |

## <u>COMPLAINT</u>

Plaintiffs, by counsel, hereby complain of Defendants Jamestown Fabricated Steel, Inc. ("Jamestown") and CLR Building Products, Inc. ("CLR") (collectively, "Defendants") as follows:

### Introduction

1.     This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29

U.S.C. §§ 1001 *et seq.* (1982).  The Fund seeks a judgment against Defendants Jamestown and CLR, jointly and severally, awarding withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer pension plan, in collecting these amounts.

### Jurisdiction and Venue

2.      Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. §1331.

3.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Fund is administered in this District.

### Parties

4.      Plaintiff National Shopmen Pension Fund (hereinafter the "Fund") is a multiemployer employee benefit plan within the meaning of Sections 3(3) and (37) of ERISA, 29 U.S.C. § 1002(3), (37), and a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental and Reinforcing Iron Workers Union, AFL-CIO.

5.      Plaintiffs Walter Wise and Timothy O'Connell are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).  The Fund is administered in the District of Columbia.

2

6.      Defendant Jamestown is an "employer" within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).  Jamestown's principal place of business is 1034 Allen Street, Jamestown NY 14701.

7.      Defendant CLR is a New York corporation.  CLR's principal place of business is also 1034 Allen Street, Jamestown NY 14701.

### Factual Allegations

8.      At all times material to this Complaint, Jamestown has employed employees represented for the purposes of collective bargaining by Shopmen's Local Union No. 470 of the International Association of Bridge, Structural and Ornamental and Reinforcing Iron Workers Union, AFL-CIO ("Local 470"), a labor organization representing employees in an industry affecting interstate commerce.

9.      At all times material to this Complaint, Jamestown and Local 470 were parties to and bound by a Collective Bargaining Agreement ("CBA").

10.     The CBA obligates the Defendant to make monthly contributions to the Fund on behalf of Jamestown's employees for all paid hours for work covered by the CBA and to submit monthly remittance reports to the Fund showing all hours paid to each employee covered by the CBA for the month.  The reports and contributions are due by the 15th of the month for hours paid in the prior month.

11.     Under the CBA, Jamestown agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") under which the Fund is maintained, and the rules and regulations adopted by the Trustees thereunder.

*Jamestown's Withdrawal and Default on Payment of its Withdrawal Liability.*

12.     On March 26, 2013, Jamestown notified Anthony J. Rosaci, the District Representative and Administrator for Local 470, that it was ceasing operations on April 30, 2013 and intended to liquidate all of its assets.  Accordingly, the Fund determined that in April 2013, Jamestown effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.  The Fund determined that as a result of this complete withdrawal, Jamestown incurred withdrawal liability to the Fund in the amount of $112,840.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13.     On or about May 22, 2013, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

14.     This Notice and Demand for payment informed Jamestown that its withdrawal liability was $112,840.00 and provided a payment schedule consisting of 240 monthly installments of $863.00 with interest at an annual rate of 7.5 percent.  The Notice and Demand stated the first monthly payment was due on or before June 22, 2013.

15.     Pursuant to Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Section 8.11(i) of the Rules and Regulations of the Fund ("Rules and Regulations"), the Trustees of the Fund may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, in the event of a default.  A "default" includes an occurrence of any event that the Trustees have determined indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability.  *Id*.

16.     The Trustees of the Fund determined that there was a substantial likelihood that Jamestown would be unable to pay its withdrawal liability because it planned on liquidating all of its assets and, thus, determined that Jamestown was in default.

17.     By letter dated June 4, 2013, Counsel to the Fund notified Jamestown that it was in default under the terms of the Plan because there was a substantial likelihood that Jamestown was unable to pay its withdrawal liability, citing Jamestown's intention to liquidate all of its assets.  On July 8, 2013, Counsel to the Fund demanded full payment of Jamestown's withdrawal liability in the amount of $112,840.00 within ten business days.  Jamestown did not pay within ten days and thus the total outstanding amount of withdrawal liability, plus interest, is currently due and owing.

*Jamestown Waived its Opportunity to Contest the Withdrawal Liability.*

18.     Neither Jamestown nor any trade or business under common control with Jamestown has made any withdrawal liability payments through present.

19.     Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, the Fund's notice of withdrawal liability assessment, default and all other notices provided under ERISA to Jamestown constitute notice to all trades or businesses in the same controlled group.

20.     Jamestown has not requested plan sponsor review of the withdrawal liability assessment within the time period specified in Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

21.     Jamestown has not initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and is now precluded from doing so.

## COUNT I
## WITHDRAWAL LIABILITY IN VIOLATION OF
## ERISA AND THE TRUST AGREEMENT
## (DEFENDANT JAMESTOWN IRON & STEEL WORKS, INC.)

22.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

23.     ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

24.     Jamestown owes withdrawal liability payments to the Fund pursuant to the Trust Agreement and ERISA.  Jamestown has not made any withdrawal liability payments to the Fund.

25.     Jamestown is in default within the meaning of Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Section 8.11(i) of the Rules and Regulations.

26.     Because Jamestown is in default, the Fund has accelerated Jamestown's withdrawal liability, and thus the full balance of the withdrawal liability, plus interest, is currently due and owing.

27.     By the foregoing conduct, Jamestown has violated Sections 515 and 4221(d) of ERISA, 29 U.S.C. §§ 1145 and 1401(d) and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $112,840.00; at least $705.48 in interest on the withdrawal liability at the Fund's interest rate of 3.25%; liquidated damages in an amount equal to the greater of interest or 20 percent of the withdrawal liability; and attorneys' fees and costs incurred by the Fund in collecting these amounts. Therefore, Jamestown owes the Fund a minimum of $139,028.59.

## COUNT II
## ALTER EGO LIABILITY
## (DEFENDANT CLR BUILDING PRODUCTS, INC.)

28.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

29.     Upon information and belief, as of the date of Jamestown's complete withdrawal from the Fund, CLR Building Products, Inc. listed the same office address and phone number as Jamestown.

30.     Upon information and belief, as of the date of Jamestown's complete withdrawal from the Fund, CLR shared common ownership with Jamestown.

31.     Upon information and belief, as of the date of Jamestown's complete withdrawal from the Fund, Clara M. Saff was the Treasurer and Secretary of Jamestown.

32.     Upon information and belief, as of the date of Jamestown's complete withdrawal from the Fund, Clara M. Saff was also the Chief Executive Office of CLR, and entitlements, including stock, are imputed to her as required by Treasury Regulation Section 1.414(c)-4(b)(5).

33.     Upon information and belief, as of the date of Jamestown's complete withdrawal from the Fund, CLR Building Products, Inc. provided services in the same geographic area as Jamestown.

34.     Upon information and belief, as of the date of Jamestown's complete withdrawal from the Fund, CLR's employees performed the same work as Jamestown employees.

35.     By disguising the continuation of Jamestown as CLR, Jamestown has sought to avoid its labor obligations, including withdrawal liability under ERISA.

36.     As an alter ego of Jamestown, CLR is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

37.     By the foregoing conduct, CLR has violated Sections 515 and 4221(d) of ERISA, 29 U.S.C. §§ 1145 and 1401(d) and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. §

7

1132(g)(2), for withdrawal liability in the amount of $112,840.00; at least $705.48 in interest on the withdrawal liability at the Fund's interest rate of 3.25%; liquidated damages in an amount equal to the greater of interest or 20 percent of the withdrawal liability; and attorneys' fees and costs incurred by the Fund in collecting these amounts. Therefore, CLR owes the Fund a minimum of $139,028.59.

### Prayer for Relief

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment against Defendants Jamestown Fabricated Steel, Inc. and CLR Building Products Inc., jointly and severally, and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts: (1) $112,840.00 in withdrawal liability; (2) At least $705.48 in interest on the withdrawal liability at the Fund's interest rate of 3.25%, accruing from the date due until the date paid; (3) Liquidated damages in an amount equal to the greater of the interest or 20 percent of the withdrawal liability; and (4) attorneys' fees and costs incurred by the Fund in collecting these amounts; and

(b)    Such other and further relief as the Court deems just and equitable.

Dated:  September 26, 2013

Respectfully submitted,
            *s/* Marc H. Rifkind
Marc H. Rifkind, Esq. (D.C. Bar No. 416183)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, DC  20036
202-797-8700  (Telephone)
202-234-8231  (Facsimile)

Counsel for Plaintiffs

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20043502v1